**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRIAN K. BARNER,** | : | |
| Petitioner | : | **Criminal No. 4:97-cr-207** |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner Brian Barner's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 572.)  For the reasons stated more fully herein, the Court deems the motion a second or successive 28 U.S.C. § 2255 motion, and will accordingly deny the motion for want of federal subject matter jurisdiction.

**I.    PROCEDURAL HISTORY**

Petitioner pleaded guilty to charges of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and of possession with the intent to distribute more than 300 grams of cocaine on February 27, 1998.  (Doc. No. 122.)  On December 16, 1998, the Honorable Malcolm Muir sentenced Petitioner to serve a term of imprisonment to last 420 months on Count 1 and 240 months on Count 2 with the sentences to run concurrently.  (Doc. No. 198.)  Petitioner appealed the judgment, and the United States Court of Appeals for the Third Circuit affirmed the judgment on August 9, 1999.  (Doc. No. 212.)  Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on October 12, 2000.  (Doc. No. 225.)  Judge Muir ultimately denied the motion to vacate (Doc. No. 514), and the Third Circuit denied a certificate of appealability (Doc. No. 537).  The United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 20, 2004.  (Doc. No. 539.)  Petitioner

sought leave to file a second or successive motion to vacate his sentence pursuant to 28 U.S.C. §

2255, which was denied on February 16, 2006.  (Doc. No. 541.)  Following an amendment of the

sentencing guidelines related to certain crack-cocaine offenses, Petitioner filed for relief

pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No. 543.)  Judge Muir granted the motion and

reduced Petitioner's term of imprisonment from 420 months to 378 months.  (Doc. No. 563.)

Petitioner's sentence was affirmed on direct appeal on October 29, 2009.  (Doc. No. 571.)  His

petition for writ of certiorari was denied on June 21, 2010.  Barner v. United States, 130 S. Ct.

3465 (2010).  Petitioner filed the instant motion to vacate his sentence on June 20, 2011.  (Doc.

No. 572.)

## II.       DISCUSSION

The United States moves to dismiss Petitioner's motion to vacate his sentence filed

pursuant to 28 U.S.C. § 2255 on two separate grounds.  First, the United States contends that the

motion is filed outside 28 U.S.C. § 2255's one-year statute of limitations.  Second, the United

States contends this Court lacks jurisdiction because the motion is a second or successive

petition, and Petitioner has not been granted leave to file such a motion by the Third Circuit

Court of Appeals as required by 28 U.S.C. § 2255(h).  The Court will consider the arguments in

reverse order.

### A.       Successive Petition

Petitioner styles his motion to vacate his sentence as challenging Judge Muir's

disposition of Petitioner's motion filed pursuant to 18 U.S.C. § 3582(c)(2).  However, a review

of Petitioner's motion and brief in support makes clear that he is not challenging the

modification of his original sentence.  Rather, he is attempting to use the 18 U.S.C. § 3582(c)(2)

proceedings to resuscitate procedurally defunct challenges to his original sentence and conviction.  Specifically, Petitioner raises claims of police misconduct relating to his arrest, prosecutorial misconduct in the investigation of the case, and ineffective assistance of counsel in failing to challenge federal jurisdiction, advising Petitioner to plead guilty, and failing to appeal the conviction.[1]

Accordingly, the Court must construe the motion as a second or successive motion filed pursuant to 28 U.S.C. § 2255(h).  Under the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

---

[1] The only allegations that resemble an attack on the 18 U.S.C. § 3582(c)(2) proceedings are contained in paragraphs 157 through 159 of Petitioner's memorandum, wherein he alleges that Judge Muir should have applied Apprendi and Booker.  However, he raised this precise issue on direct appeal of the 18 U.S.C. § 3582(c)(2) proceedings, and the Third Circuit held that Judge Muir was correct in concluding that 18 U.S.C. § 3582(c)(2) does not grant a district court the authority to reconsider a petitioner's criminal history calculation in light of Apprendi and Booker.  United States v. Barner, 350 F. App'x 678, 681 (3d Cir. 2009).  Because this issue was considered and rejected on direct appeal, it may not be raised in a motion filed pursuant to 28 U.S.C. § 2255.  United States v. Jackson, 363 F. App'x 208, 209-10 (3d Cir. 2010)

Petitioner also makes a reference to not having been given credit for his post-incarceration rehabilitation in his motion, which he abandons in his brief in support.  To the extent that Petitioner has not abandoned this claim, the issue of whether Judge Muir erred in the 18 U.S.C. § 3582(c)(2) proceedings by not considering Petitioner's post-incarceration rehabilitation could have been raised on direct appeal.  Because it was not, and Petitioner has not shown cause and prejudice, this claim is barred on collateral review.  Massaro v. United States, 538 U.S. 500, 504 (2003).

unavailable.

28 U.S.C. § 2255(h).  Petitioner has failed to obtain the certification required from the Third

Circuit to pursue a second or successive motion to vacate his sentence pursuant to 28 U.S.C. §

2255.  Therefore, the Court lacks jurisdiction over Petitioner's motion, and the Court must

dismiss it.  Id.

### B.      Alternate Grounds

The lack of jurisdiction over Petitioner's motion ends the Court's analysis.  The Court

briefly notes for the record, however, that even if jurisdiction were not lacking relief would not

be availing.  First, the Court agrees with the United States that the motion is untimely.  Petitioner

was required to file his motion within one year of the date on which the judgment of conviction

became final.  28 U.S.C. § 2255(f).  Judgment became final in this matter upon the conclusion of

the direct appeal of the judgment entered on December 16, 1998.  A modification of that

judgment under 18 U.S.C. § 3582 cannot, by the explicit terms of the statute, affect the finality

of that judgment.  18 U.S.C. § 3582(b)(1); see also United States v. Schwartz, 274 F.3d 1220,

1224 (9th Cir. 2001) (concluding a modification of a sentence pursuant to Rule 35 of the Federal

Rules of Criminal Procedure does not affect the finality of a judgment as a result of 18 U.S.C. §

3582(b)); United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (same).

Second, the only two claims on which there is even an arguable basis for concluding that

they relate to the disposition of Petitioner's 18 U.S.C. § 3582(b) motion are wholly without merit

and procedurally barred.  As noted previously, the Third Circuit already rejected Petitioner's

argument that Judge Muir erred in concluding that 18 U.S.C. § 3582(c)(2) does not grant a

district court the authority to reconsider a petitioner's criminal history calculation in light of

Apprendi and Booker.  United States v. Barner, 350 F. App'x 678, 681 (3d Cir. 2009). Moreover, Petitioner's argument that Judge Muir should have considered Petitioner's post-sentencing rehabilitation when entering the sentencing modification pursuant to 18 U.S.C. § 3582(c)(2) necessarily fails.  Petitioner apparently relies on Pepper v. United States in support of this claim; however, that case only relates to re-sentencing considerations after a sentence has been set aside on appeal. 131 S. Ct. 1229, 1236 (2011).  A motion under 18 U.S.C. § 3582(c)(2) is not a form of re-sentencing.  Dillon v. United States, 130 S. Ct. 2683, 2690-92 (2011).  Even if this claim were not meritless, as discussed previously, the claim is procedurally defaulted.

## III.   CERTIFICATE OF APPEALABILITY

The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). As set forth above, Petitioner's claims fail both as a matter of procedure and substance.  Indeed, on the sole claim that arguably relates to the 18 U.S.C. § 3582(c)(2) proceedings, Petitioner's arguments have already been rejected on appeal.  Accordingly, no certificate of appealability shall issue.

## IV.   CONCLUSION

Petitioner's motion to vacate his sentence is a second or successive motion within the meaning of 28 U.S.C. § 2255(h).  Because he has failed to seek permission from the United States Court of Appeals for the Third Circuit to file this motion the Court does not have jurisdiction to consider it.  Even if the Court did have jurisdiction to review the motion, it would

fail as untimely.  Further, the only two contentions that bear any relation to the disposition of

Petitioner's 18 U.S.C. § 3582(c)(2) motion are wholly without merit.

       **ACCORDINGLY**, on this 23rd  day of January 2012, **IT IS HEREBY ORDERED**

**THAT** Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 572) is

**DISMISSED**.  Petitioner's motion for subpoena forms, a copy of the local rules, and in forma

pauperis status (Doc. No. 588) is **DENIED** as moot.  Petitioner's motion to appoint counsel

(Doc. No. 592) is **DENIED** as moot.  No certificate of appealability shall issue.


                    S/ Yvette Kane
                    Yvette Kane, Chief Judge
                    United States District Court
                    Middle District of Pennsylvania